IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | C/A No.: 3:16-3255-TLW |
| v. | ) | |
| | ) | |
| South Carolina Human Affairs Commission, | ) | **ORDER** |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

Plaintiff Clarence B. Jenkins, Jr., proceeding *pro se*, filed this action in the Richland County Court of Common Pleas alleging that Defendant South Carolina Human Affairs Commission aided Amazon's discrimination and retaliation against him. ECF No. 1. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331 on September 28, 2016. *Id.* This matter now comes before the Court for review of the Report and Recommendation ("the Report") filed on January 18, 2017, by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 44. In the Report, the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss as to the § 1983 claim and decline to exercise supplemental jurisdiction over any state law claim and remand the case to the Richland County Court of Common Pleas. *Id.* Plaintiff filed objections to the Report. ECF Nos. 48, 49, 52, 53, 54. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. The Court concludes that Plaintiff's filings offer no factual or legal objections to the Report. *See* ECF Nos. 48, 49, 51, 52, 53, 54. After careful consideration, **IT IS ORDERED** that the Magistrate Judge's Report, ECF No. 44, is **ACCEPTED**, and the Plaintiff's Objections, ECF Nos. 48, 49, 52, 53, 54, are **OVERRULED**. Plaintiff's claims for Constitutional violations pursuant to § 1983 are **DISMISSED**. For the reasons stated in the Report, the Court declines to exercise jurisdiction over the remaining state law claims. Therefore, the remaining causes of action are **REMANDED** to the Richland County Court of Common Pleas for resolution of this matter.

**IT IS SO ORDERED**.

                         *s/Terry L. Wooten*
                         Chief United States District Judge

September 8, 2017
Columbia, South Carolina